IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JONATHAN D. COOPER                                                    PLAINTIFF

V.                              CIVIL ACTION NO.: 4:16CV173-SA-JMV

MDOC,
DIRECTOR OF RECORDS, and
JEWORSKI MALLEH                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Jonathan Cooper, a Mississippi inmate housed at the Mississippi State Penitentiary, has filed a civil rights suit against Defendants pursuant to 42 U.S.C. § 1983, alleging that his earned-time credits have been unlawfully calculated. Having fully considered Cooper's allegations and the applicable law, the Court finds that the instant complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Screening Standards**

Because Cooper has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

Cooper maintains that he is unlawfully in the custody of the Mississippi Department of Corrections ("MDOC"), inasmuch as he has already served eighty-five percent of his original twenty-one year sentence. He claims that he began serving his sentence on December 17, 2001, which when counted with his six years of earned trustee time, satisfies the statutory requirement that he serve eighty-five percent of his sentence.[1]

A civil rights action pursuant to § 1983 is the appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). However, release from prison is not an available § 1983 remedy; that remedy lies in habeas. *Id*. ("A habeas petition. . . is the proper vehicle to seek release from

---

[1] According to the online records of the Mississippi Department of Corrections, Cooper is serving a twenty-one year sentence for convictions of aggravated assault, robbery, and manslaughter. *See* https://www.ms.gov/mdoc/inmate/Search/GetDetails/K2733 (last accessed August 22, 2016)

custody."). Whether a prisoner's claim may be pursued in a § 1983 depends on whether a favorable ruling would "automatically entitle [the prisoner] to accelerated release." *Id.* at 820-21 (citation omitted). Here, Cooper claims that Defendants have wrongfully applied the law to the time he has left to serve, which, if proven, would merely result in his eligibility for early release. Therefore, because a favorable ruling would not automatically entitle him to release, his claim may be considered in a § 1983 action.

However, in order to sustain a § 1983 claim, Cooper must allege that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Cooper's arguments implicate what he terms the "85% Law," an earned-time program under which certain inmates with good behavior can receive good-time credit for up to fifteen percent of their sentences. *See* Miss. Code Ann. § 47-5-138(5) (stating that offenders complying with certain good-conduct requirements "**may** receive an earned time allowance of four and one-half (4-1/2) days for each thirty (30) days served" up to fifteen percent of the sentence) (emphasis added). Also implicated is the trusty-time allowance, a program under which offenders in trusty status can earn reductions in time if they meet certain criteria. *See* Miss. Code Ann. § 47-5-138.1 (stating that offenders in trusty status "**may** be awarded a trusty-time allowance of thirty (30) days' reduction of sentence for each thirty (30) days of participation" for approved programs) (emphasis added). These laws provide that the Mississippi Department of Corrections "may" award earned-time allowances, which renders the award of earned-time discretionary. The Mississippi Supreme Court has noted that "[e]arning of 'time' would have been deemed a matter of right if the legislature had employed the word 'shall' instead of 'may.' In other words, correctional officials are vested

3

with discretionary power to award time under certain conditions and, therefore, inmates are not entitled to it." *Ross v. State*, 584 So.2d 777, 779 (Miss.1991). Accordingly, Mississippi law does not provide prisoners with a constitutionally protected liberty interest in earning good-time or trusty credits. *See also Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989) (holding state-created liberty interest arises only if the law contains "'explicitly mandatory language,'" i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow[.]" (citation omitted). Therefore, inasmuch as Cooper has failed to identify a federally protected liberty interest, he presents a legally frivolous claim and has failed to state a claim upon which relief may be granted. *See, e.g., Scales v. Mississippi Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987) (holding Mississippi parole statute "creates no due process entitlement").

To the extent that Cooper's complaint may be construed to contain a claim that he is entitled to be released from custody, such an argument is not cognizable in a § 1983 action and must be pursued through a petition for a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). However, a habeas petitioner must first exhaust his available state court remedies by fairly presenting his claims to the highest court of the state before he can file for relief in federal court. *See, e.g., Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). Cooper has given the Court no indication that he has fully exhausted his claims in state court. Accordingly, the Court declines to construe the instant complaint as a habeas petition.

## Conclusion

For the reasons set forth herein, Cooper's allegations fail to assert a cognizable constitutional violation, and this action is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED** this the 23rd day of August, 2016.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**